UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DESMOND RIVERS<br>ATHENA RIVERS,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF OHIO, et al.,<br><br>    Defendants. | CASE NO. 1:17 CV 1706<br><br>JUDGE DONALD C. NUGENT<br><br><u>MEMORANDUM OF OPINION</u><br><u>AND ORDER</u> |

On August 14, 2017, *pro se* Plaintiffs Desmond Rivers and Athena Rivers filed this action against the State of Ohio, the Berea Police Department, and John Does 1-10. Plaintiffs' Complaint sets for allegations which are unclear, but Plaintiffs apparently do not agree with charges made against their minor child and believe pending juvenile court proceedings are inappropriate.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiffs might have a valid claim, *see, Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief), and the Court finds this case is therefore appropriately subject to summary dismissal. *See, Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(complaint may be summarily dismissed when claim is not arguably plausible).

Accordingly, this action is dismissed.

IT IS SO ORDERED.

_____ 8/29/17
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE